a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GENE IRVING GARLAND, JR., Petitioner | CIVIL DOCKET NO. 1:19-CV-0053-P |
| VERSUS | JUDGE DRELL |
| CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docs. 1, 6) filed by *pro se* Petitioner Gene Irving Garland, Jr. ("Garland") (#34620-077). At the time of filing, Garland was an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Pollock, Louisiana. (Doc. 1). Garland has since been released from BOP custody. (Doc. 20).

Because Garland has been released, the Petition (Docs. 1, 6) should be DISMISSED WITH PREJUDICE as MOOT.

I. Background

Garland was convicted of one count of securities fraud, 62 counts of mail fraud, 52 counts of promotional money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and five counts of transactional money laundering. Garland v. Roy, 477 F. App'x 287, 288 (5th Cir. 2012). The convictions under § 1956 were vacated, and Garland was resentenced to 252 months of imprisonment. United States v. Garland, 552 F. App'x 381 (5th Cir. 2014).

In his § 2241 Petition, Garland argues that in light of the First Step Act of 2018, the BOP should immediately recalculate his sentence to allow him to take advantage of amendments affecting the manner in which good conduct time credits are calculated. (Docs. 1, 6).

## II.   Law and Analysis

"Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them . . . ." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted). Garland's Petition seeks a speedier release from custody. Because he has been released (Doc. 20), this Court can no longer grant the relief requested.

Garland is still "in custody" for purposes of pursuing federal habeas relief because he was incarcerated at the Federal Correctional Institution in Pollock, Louisiana, when he filed the § 2241 Petition, and he is serving a term of supervised release. See Maleng v. Cook, 490 U.S. 488, 490–91 (1989); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006; Watkins v. Garrett, 476 F. App'x 430, 432 (5th Cir. 2012). However, even if Garland had been entitled to additional good time credit toward his sentence that he did not receive, federal law provides that those credits could not be used either to shorten the period of his supervised release or to shorten the period of any future imprisonment Garland may be required to serve for violating the conditions of his release. 28 C.F.R. § 2.35(b); see United States v. Johnson, 529 U.S. 53, 60 (2000) (holding that the length of a supervised release term may not be

reduced by reason of excess time served in prison); Bailey v. Southerland, 821 F.2d 277, 278-79 (5th Cir. 1987).

### III. Conclusion

Because Garland has been released, the Petition (Docs. 1, 6) should be DISMISSED WITH PREJUDICE as MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of August 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE